**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>             Plaintiff,<br><br>v.<br><br>Tonya Lee Mims,<br><br>             Defendant. | No. CR-14-00556-001-PHX-DGC<br><br>**ORDER** |

Defendant has moved for a rehearing of the magistrate judge's order that she be detained pending trial. Doc. 32. The Court will deny the motion.

To the extent Defendant seeks to have this court review the magistrate judge's detention decision, her motion is untimely. A party may seek district court review of a magistrate judge's order within 14 days after being served a copy of the order. Fed. R. Crim. P. 59(a). The magistrate judge's order of detention was issued on April 16, 2014, and Defendant did not file this motion until June 12, 2014. Defendant has therefore waived her right to review under Rule 59(a). *United States v. Tooze*, 236 F.R.D. 442, 445 (D. Ariz. 2006). This waiver includes her right to review and appeal under 18 U.S.C. § 3145. *Id.* The Court declines to conduct a discretionary de novo review of the magistrate judge's detention order. *Id.* at 446.

Defendant may seek to reopen a detention hearing when "information exists that was not known to [her] at the time of the hearing and that has a material bearing on the issue." 18 U.S.C. § 3145(f). Defendant has not satisfied this standard. Defendant claims that her circumstances have changed because she no longer has certain assets that were

1. available to her at the original detention hearing. Doc. 32 at 1. Defendant asserts that her motor vehicles, trailers, and ATVs have been turned over to her civil attorney, and that her bank accounts and items from her home have been seized or frozen. Doc. 32 at 2. At the time of the detention hearing, however, Defendant's assets were subject to a writ of garnishment for up to $155,000. Doc. 12-5. The magistrate judge noted the existence of the vehicles, but also observed that Defendant had quitclaimed her home to her husband and daughter and had unexplained assets that contributed to her flight risk. Doc. 18. Defendant cites no circumstances that have impacted the magistrate judge's concern about Defendant's "unexplained assets" or the value in her home. Defendant has failed to present new information that has a material bearing on her flight risk.

Defendants' other arguments – that she did not flee during her release in prior criminal action, that her daughter attends the University of Arizona, that she is married and her husband resides in Queen Creek, and that preparing her defense while incarcerated is difficult – are not facts that were unknown to Defendant at the time of her detention hearing.

Finally, none of Defendant's arguments undermine Judge Logan's determination that Defendant presents a danger to the community. As Judge Logan noted, Defendant previously was convicted of financial crimes substantially similar to the crimes charged in this case.

**IT IS ORDERED** Defendant's motion for rehearing (Doc. 32) is **denied**. Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from June 12, 2014.

Dated this 21st day of July, 2014.

_____
David G. Campbell
United States District Judge