**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-14-00556-001-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Tonya Lee Mims, | |
| Defendant. | |

The United States requests an order requiring Defendant to pay $1,000,000 in restitution to S.R., the maximum amount of restitution permitted under the plea agreement. Doc. 108. Defendant agrees that the Court should enter an order requiring a payment of restitution to S.R., and that such order may require restitution for illegal activity not charged in the plea agreement or in the superseding indictment. Doc. 113. Defendant disputes the inclusion of certain payments in the proposed award, however, contending that she should be required to pay no more than $702,953.56. *Id.* at 5.

The dispute centers around payments of approximately $300,000 from Dobbins Place, LLC ("Dobbins"), an S.R. company, to 3-G, LLC, an entity created by Defendant. Defendant contends that S.R. made this payment as "part of an agreement related to questionable accounting practices," and that there was "no fraud involved." Doc. 113-1 at 2, ¶ 3. She concedes that there is no memorandum memorializing this agreement, and that 3-G provided no goods or services to the victim, but argues that the Court has discretion to credit her account. Doc. 113 at 3-4.

The government counters with a declaration from FBI Forensic Accountant Dawson Anglin. Doc. 109, Ex. B. The declaration asserts that Defendant created 3-G, LLC, in order to conceal her theft from Dobbins. *Id.*, ¶ 13. It states that Dobbins had a contract with 3-G, Construction – a legitimate business entity – and that Defendant would make a payment to 3-G, LLC for an identical amount and often on the same day as Dobbins made a payment to 3-G construction. *Id.*, ¶ 14. It asserts that Defendant cut 25 business checks and purchased two cashier's checks from Dobbins payable to 3-G, LLC, and that the value of the checks totaled over $300,000. *Id.*, ¶ 18.

The Court concludes that the government has shown by a preponderance of the evidence that S.R. is entitled to restitution. Agent Anglin's declaration is thorough and credible, whereas Defendant's account is implausible and supported by nothing but her own word. That is sufficient reason for the Court to order restitution in the full amount allowed by the plea agreement. *See* 18 U.S.C. § 3664(e) (restitution must be established by preponderance of the evidence); *cf. United States v. Waknine*, 543 F.3d 546, 557 (9th Cir. 2008) ("[V]ictim affidavits will generally provide sufficient, reliable evidence to support a restitution order.").

**IT IS ORDERED** that Defendant will pay $1,000,000 in restitution to S.R.

Dated this 29th day of December, 2015.

_____
David G. Campbell
United States District Judge