1 **WO**

2
3
4
5

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| United States of America, | No. CR-14-00556-001-PHX-DGC |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Tonya Lee Mims, | |
| Defendant. | |

Defendant Tonya Lee Mims has been charged with violating her supervised release in this case. She also has been indicted on new financial crime charges in the Western District of Texas. Defendant is in custody in this District, and has requested a detention hearing. *See* Docs. 137, 150, 154, 155. The hearing was held on March 15, 2019. Doc. 159. For reasons stated in this order, the Court will detain Defendant pending resolution of the supervised release violation charges.

**I.     Legal Standard.**

Rule 32.1(a)(6) provides that the Court may release or detain Defendant under 18 U.S.C. § 3143(a)(1). That statutory section states that a person in Defendant's position shall "be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released[.]" 18 U.S.C. § 3143(a)(1). "The burden of establishing by clear and convincing evidence that the person will not flee or pose a

danger to any other person or the community rests with the person." Fed. R. Crim. P. 32.1(a)(6).

The Bail Reform Act also provides that "[i]f there is probable cause to believe that, while on release, the person committed a Federal, State, or Local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community." 18 U.S.C. § 3148(b).

**II.    Discussion.**

Defendant is charged with violating mandatory condition 1 of her supervised release, which prohibited her from committing another federal, state or local crime while on release. Doc. 132 at 1. The superseding petition to revoke supervised release alleges that Defendant committed the crime of access device fraud, a felony, in violation of 29 U.S.C. § 1029(a)(2), as evidenced by a criminal complaint filed in the Western District of Texas. *Id*. Defendant has now been indicted on this charge. *See United States v. Mims*, No. SA19CR107XR, Doc. 5 (Feb. 20, 2019).

The superseding petition also alleges that Defendant violated standard condition 7 of her supervised release – which required her to notify the probation officer at least 10 days prior to any change of employment – by obtaining employment as the Director of Accounting for RentWerx in San Antonio, Texas. Doc. 132 at 2. The petition further alleges that Defendant violated special condition 4 – which restricted her from engaging in any occupation that put her in direct or indirect control of the assets or funds of others – by obtaining the accounting position. *Id.*

After considering the arguments and evidence submitted by the parties in writing (Docs. 148, 157, 158), as well as the arguments made by counsel at the hearing, the Court concludes that Defendant has not carried her burden of establishing by clear and convincing evidence that she will not pose a danger to the community. Fed. R. Crim. P. 32.1(a)(6). Danger to the community includes economic danger. *See United States v. Reynolds*, 956 F.2d 192, 192-193 (9th Cir. 1992). The Court also concludes that

Defendant has not rebutted the statutory presumption, which arises from the probable cause finding of the Texas grand jury, that no condition or combination of conditions will assure the safety of the community. 18 U.S.C. § 3148(b). As a result, Defendant will be detained pending completion of this supervised release proceeding. The Court notes that Defendant was also detained pending trial in this case after she was arrested in 2014. *See* Docs. 18, 36.

The reasons for the Court's conclusion are as follows:

1. In 2005, Defendant pleaded guilty to mail fraud in the District of Utah. She was charged with embezzling $1.7 million from her employer. She was sentenced to 33 months in federal prison, followed by 36 months supervised release. Doc. 89, ¶ 29.

2. Defendant moved to Arizona following her release from custody, and in 2009 advertised her services as a bookkeeper on Craigslist, contrary to the conditions of her Utah supervised release. She was hired by the victim in this case, SR, and proceeded to embezzle approximately $1 million from him. She pleaded guilty to several counts of wire fraud and was sentenced to 36 months in prison, followed by 36 months of supervised release. Docs. 89-92.

3. Upon release from prison in this case, Defendant relocated to San Antonio, Texas. Despite a condition of supervised release prohibiting her from engaging in further financial employment (Doc. 132 at 2), Defendant again applied for a financial services job and was hired as the Director of Accounting at RentWerx in February 2018 (Doc. 148-2 at 6). In this position, she was responsible for handling the books of the business, making checks, reconciling accounts, and handling the general finances of the company. Doc. 148-2 at 8.

4. In September 2018, Defendant's criminal history was discovered by her employer and she was terminated. Following her termination, it was discovered that Defendant made unauthorized purchases with her RentWerx credit card. Doc. 148-1 at 6-10. Although the magnitude of Defendant's fraud has yet to be calculated, an

accounting firm for the victim has estimated the potential loss at over $600,000. *Id.* at 10. Defendant has been indicted in Texas for access device fraud.

5. Defendant misled her supervising probation officer by failing to disclose that she was again engaged in accounting work. Instead, Defendant worked with a felon named Lilianna Stoianova to create the appearance that she was working for Lili Rubin Investment. Doc. 148-5.

It appears Defendant has again committed substantial financial fraud, as she did in this case and in her Utah conviction. Defendant has continued to engage in a pattern of defrauding others – a pattern that lengthy prison sentences and even court supervision have not deterred. Defendant committed the alleged Texas fraud while on supervised release in this case and in violation of the requirements that she not engage in financial or accounting businesses and that she keep her probation officer apprised of her employment. Given her history, the Court has no confidence that Defendant will refrain from further fraudulent activities if she is released pending resolution of the supervised release violation charges.

Defendant submits evidence that she worked as an independent data analyst, that she performed excellent work, and that she was actually employed by Lili Rubin Investment Properties, LLC. Doc. 157 at 6. The Court has considered this evidence, but concludes that it does not outweigh the Declaration of Special Agent Kyle C. Armstrong outlining Defendant's new crimes in Texas (Doc. 148-1), the deposition testimony of Brad Larsen, Defendant's former Texas employer (Doc. 148-2), or the new grand jury indictment charging her with access device fraud. Defendant has not carried her burden of showing, by clear and convincing evidence, that she will not pose a danger to the community if released. Fed. R. Crim. P. 32.1(a)(6). Nor has she overcome the statutory presumption of detention raised by the grand jury indictment. 18 U.S.C. § 3148(b).

1 **IT IS ORDERED** that the motion for detention (Doc. 148) is **granted.** Defendant Tonya Lee Mims shall be held in custody until the charges of violating her supervised release are resolved.

Excludable delay pursuant to U.S.C. § 18:3161(h)(1)(D) is found to run from 2/8/2019.

Dated this 15th day of March, 2019.

*David G. Campbell*

David G. Campbell
Senior United States District Judge